RISING SUN LODGE OF MASONS *vs.* JOHN A. BUCK.

*Conditional deed—liability of the grantee incurred by acceptance of.*

By accepting a deed of real estate " subject to all the " grantor's " liabilities " to the assignee of the grantor's lessee, the grantee assumes the performance of the condition, from which the law will imply a promise on which an action of assumpsit will lie.

Thus, in December, 1850, the owner of a two-story building, by a lease under seal demised to the treasurer of a lodge of Odd Fellows the upper room, with the right to assign the same, for the term of ninety-nine years, covenanting in the lease that the lessor's " administrators and assigns shall, at their own cost, at all times during said term, well and sufficiently repair, maintain, and keep the outside of said building with diligence and in good and proper order and condition, ... and all the grants, covenants, and conditions herein contained, shall extend to and be binding on the parties and their legal representatives respectively." In April, 1861, the said treasurer assigned the lease to the plaintiffs. In January, 1866, the owner of the building conveyed it to the defendant, " subject to all" the grantor's " liabilities to the " plaintiffs " for the hall." Subsequently, upon being notified by the plaintiffs that the roof was out of repair, the defendant neglected to make the necessary repairs, whereupon the plaintiffs made them and brought *indebitatus assumpsit* to recover compensation for the same; *Held,* that the action was maintainable.

ON REPORT.

ASSUMPSIT on an account annexed, for labor and materials in repairing roof of the building occupied by the plaintiffs. There was also a count for money had and received.

It appeared that the defendant owned and occupied all of the building referred to in the lease and deed, except the upper story, which was occupied by the plaintiffs, and that the repairs, to a certain extent, were needed and furnished by the plaintiffs without any direction or order for the same on the part of the defendant.

The remaining facts appear in the opinion.

*Arno Wiswell*, for the plaintiffs.

*Eugene Hale*, for the defendant.

APPLETON, C. J. On the 25th December, 1850, Samuel P. Brown leased to Stillman Colton, treasurer of Narramsic Lodge, the hall, or upper room in his store, with the right to assign the same for the term of ninety-nine years, and covenanted that he, his executors and assigns would, at their own cost and charge, at all times during said term, " well and sufficiently repair, maintain, and keep the outside of said building and stairs leading to the hall or demised premises, with diligence and in good and perfect order and condition, fire and unavoidable casualties excepted, and all the grants, covenants, and conditions herein contained, shall extend to and be binding on the legal representatives of the parties, respectively, as well as themselves."

The lease was duly assigned by Stillman Colton, treasurer to the plaintiffs.

On the 12th January, 1866, and after the above assignment, Samuel P. Brown conveyed his store to the defendant, " subject to all my (his) liabilities to the Rising Sun Lodge of Masons, for the hall in the upper part of said building," etc.

The roof of the store becoming leaky and out of repair, the plaintiffs notified defendant of that fact and requested him to make the necessary repairs, and, upon his neglect so to do, they made the

repairs and have brought this action to recover compensation for the expenses thus incurred.

No question is made as to the necessity of the repairs made, nor that they were not properly done and at a reasonable price.

The defendant took his deed subject to the liabilities of his grantor, Brown, to the plaintiff. Brown, by the terms of his lease, was to keep the outside of the building, etc., " in good and perfect order." Taking the deed subject to those liabilities, the defendant impliedly assumed the performance of those liabilities, and agreed to save his grantor harmless from the obligation he had assumed. In such case the law is well settled that assumpsit may be maintained against the grantee. " The doctrine is perfectly well settled," observes Bigelow, C. J., in *Maine* v. *Cumston*, 98 Mass. 319, " that, when a party accepts a deed-poll, or instrument in the nature of a deed-poll, by which he obtains a right or interest in property on condition or with a stipulation that he shall pay a sum of money or perform a certain duty, he becomes thereby bound to pay the money or perform the duty. Not having signed and sealed the deed, he is not liable for breach of covenant ; but, by accepting the deed, he assumes the performance of the condition or stipulation, from which the law will imply a promise on which the action may be maintained." In *Huff* v. *Nickerson*, 27 Maine, 107, a conveyance of land by quitclaim was made containing this stipulation, " provided said grantee shall pay said grantor or his assigns twenty-two dolars annually from this date, on demand," until the happening of a certain event. It was held that the grantor might maintain assumpsit to recover the money, if the grantee held under the deed and neglected to make the annual payments on demand. So this promise will be implied, when the payment is to be made to a person other than the grantor, and assumpsit may be maintained on the part of the person to whom such payment is to be made. *Felch* v. *Taylor*, 13 Pick. 133.

But the promise of the defendant is to keep the outside of the building, etc., " in good and perfect order." The remedy of the plaintiff is upon the implied promise of the defendant, arising from

his acceptance of the deed from Brown to him, and his undertaking to save him harmless from his liabilities to the plaintiff. If from his neglect to make repairs, after due notice of their necessity, and after a reasonable time in which to make them, the plaintiffs, for the preservation of their estate, were compelled to make repairs, they are entitled to recover the reasonable expenses necessarily incurred in so doing.

The writ contains an account annexed and the money counts.

*Action to stand for trial.*

KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.